IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD HERMELING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:09-CV-748-WKW [WO] |
| | ) |
| ELI LILLY AND COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on Plaintiff Donald Hermeling's ("Hermeling") Motion to Remand and accompanying brief. (Docs. # 7, 8.) Hermeling contends that Defendant Eli Lilly and Company ("Eli Lilly") failed to establish the amount in controversy by a preponderance of the evidence as required under 28 U.S.C. § 1332, and seeks remand to the Circuit Court of Crenshaw County, Alabama. Eli Lilly opposes the motion (Def.'s Resp. (Doc. # 12)), arguing that "it is readily deducible from the face of the Complaint that the amount in controversy exceeds $75,000." (Def.'s Resp. 3.) For the following reasons, Hermeling's motion to remand is due to be granted.

**I. BACKGROUND**

Hermeling filed his complaint in the Circuit Court of Crenshaw County, Alabama, on July 6, 2009, asserting three claims arising out of his use of the drug Cialis, which is manufactured by Eli Lilly. (Compl. (Doc. # 1, Ex. A).) The Complaint alleges the following facts.

In 2007, Hermeling was prescribed 20 mg tablets of Cialis for treatment of erectile dysfunction. (Compl. ¶ 6.) On the morning of July 30, 2007, after having taken a 20 mg dose of the drug the previous night, Hermeling woke up with severe vision loss in his left eye. (Compl. ¶ 8.) Hermeling was subsequently diagnosed with Nonarteritic Anterior Ischemic Optic Neuropathy ("NAION") and claims that his use of Cialis caused "irreversible vision loss and blindness in his left eye." (Compl. ¶¶ 6, 9.) Hermeling maintains that he was unaware of any risks or side effects resulting in vision loss or blindness caused by taking Cialis, and that such risks were never communicated to him. (Compl. ¶¶ 6, 7.) The damages alleged are as follows: (1) "severe and permanent vision loss"; (2) "increased risk in health problems"; (3) past and future medical bills; (4) past and future "pain and suffering, mental anguish, anxiety and worry"; (5) "loss of enjoyment of life"; and (6) "past and future economic losses and income." (Compl. ¶¶ 5A-5F.) Hermeling further alleges that he is entitled to punitive damages. (Compl. ¶ 5.)

## II. STANDARD

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and

defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Where the complaint alleges unspecified damages, as in this case, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209-10 (11th Cir. 2007). A removing defendant can predicate jurisdiction either on the initial pleading, or "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Hence, "the defendant's appraisal of the amount in controversy . . . will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith." *Lowery*, 483 F.3d at 1215 n.63; *see also Stroh v. Colonial Bank, N.A.*, No. 4:08-cv-73, 2008 WL 4831752, at *2 (M.D. Ga. Nov. 4, 2008).

*Lowery*, which narrowed the circumstances under which a defendant may remove an action, requires that the documents before the court on removal "unambiguously establish federal jurisdiction." 483 F.3d at 1213. Thus, district courts in the Eleventh Circuit are not permitted to consider "evidence regarding the value of other tort claims," *id.* at 1221, and may not "speculate in an attempt to make up for the notice's failings." *Id.* at 1215. Instead, jurisdiction is appropriate only if the amount in controversy is "stated clearly on the face of the documents before the court" or is "readily deducible" from those documents. *Id.* at 1211.

## III. DISCUSSION

Eli Lilly contends that the nature of the injuries, in addition to the claim for punitive damages, unambiguously establishes that the amount of damages exceeds $75,000. Specifically, Eli Lilly points to Hermeling's allegation that he suffered permanent injury to his eye, and contends that "judicial experience and common sense" demonstrate that such a serious injury meets the jurisdictional threshold.

Despite the serious nature of the alleged damages, exercising jurisdiction in this case would require impermissible guesswork. *See Howell v. Fields Realty, LLC*, No. 2:08-cv-492, 2008 WL 2705383, at *1, 2 (M.D. Ala. July 10, 2008) (remanding where the plaintiff alleged permanent damages for a broken jaw, damaged teeth, and an injured shoulder); *Carswell v. Sears Roebuck & Co.*, No. 2:06-cv-1098, 2007 WL 1697003, at *1 (M.D. Ala. June 12, 2007) (remanding where the plaintiff alleged damages for a head injury requiring surgery). Eli Lilly cites *Roe v. Michelin North America, Inc.* for the proposition that even post-*Lowery*, district courts need not "suspend reality or shelve common sense" when deciding whether the jurisdictional threshold has been met. 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009). In *Roe*, the court denied the plaintiff's motion to remand, applying "judicial experience and common sense" to find that "a dispute in which the wanton conduct of a large company result[ed] in a death" satisfied the jurisdictional requirement. *Id.* Eli Lilly contends that this principal, when applied to the case at hand, demonstrates that the amount in controversy exceeds $75,000. However, "judicial experience and common sense" do not lead to such a

clear result. The alleged injuries in this case simply do not rise to the level of those alleged in *Roe*, and the court will not speculate as to the amount of damages resulting from the loss of vision in one eye and the potential loss of vision in the other.[1]

## IV. CONCLUSION

Accordingly, it is ORDERED that:

(1) Hermeling's motion to remand is GRANTED;

(2) this case is REMANDED to the Circuit Court of Crenshaw County, Alabama; and

(3) the Clerk of the Court is DIRECTED to take all steps necessary to effect the remand.

DONE this 3rd day of February, 2010.

                             /s/ W. Keith Watkins
                             UNITED STATES DISTRICT JUDGE

---

[1] Also important to the court's analysis in *Roe* was the limited means of recovery under Alabama's wrongful-death statute, which only allows recovery for punitive damages. 637 F. Supp. 2d at 999-1000. Because discretionary punitive damages "cannot be tied to concrete compensatory items," the court found that "wrongful-death damages will seldom, if ever, be reduced to dollar figures as a formal part of the litigation except in final settlement or at trial." *Id*. No such limitations exist in this case.